# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE FERGUSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0846** (BOR Appeal No. 2048157)
                    (Claim No. 880012206)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JII/SALES PROMOTION ASSOCIATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Connie Ferguson, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2013, in which the Board affirmed a January 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 21, 2011, decision to not authorize bilateral knee replacements. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ferguson, an employee of JII/Sales Promotion and Associates, Inc., injured her knee in 1987. Ms. Ferguson filed for workers' compensation benefits based upon her 1987 injury, and her claim was held compensable for an old disruption of the left knee lateral collateral ligament. Thereafter, Ms. Ferguson underwent a partial meniscectomy, which resulted in slow improvement of her symptoms. On March 12, 2012, Ms. Ferguson reported to Prakash Puranik, M.D., who opined that Ms. Ferguson would be a good candidate for bilateral knee replacements due to her osteoarthritis. Dr. Puranik requested bilateral knee replacements be authorized under Ms. Ferguson's claim. Dr. Puranik's report was never introduced into the record. As a result, it is uncertain whether Dr. Puranik opined that the 1987 injury caused Ms. Ferguson's osteoarthritis. Ms. Ferguson reported to David C. Shamblin, M.D., who also opined that she was a good candidate for bilateral knee replacements. The claims administrator denied Ms. Ferguson's claim because osteoarthritis was never ruled a compensable condition under the claim. Ms. Ferguson protested.

The Office of Judges concluded that bilateral knee replacements were not medically necessary or reasonable in relation to the 1987 left sided old disruption of the lateral collateral ligament. The Office of Judges noted that there is no indication in Dr. Shamblin's report of a causal connection between Ms. Ferguson's symptoms and the compensable condition. Dr. Shamblin notes that Ms. Ferguson was diagnosed with rheumatoid arthritis and her knee joint has deteriorated since that time. However, the Office of Judges found that neither rheumatoid nor osteoarthritis has been ruled a compensable condition of the claim. Accordingly, the Office of Judges denied authorization for bilateral knee replacements as it related to Ms. Ferguson's 1987 compensable diagnosis of left sided disruption of the lateral collateral ligament. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Ms. Ferguson has failed to show how bilateral knee replacements are medically related or reasonably necessary in relation to the 1987 left sided disruption of the lateral collateral ligament. The only report in the record that concludes Ms. Ferguson would need bilateral knee replacements is the report of Dr. Shamblin. Dr. Shamblin does not indicate with clarity what precipitated Ms. Ferguson's need for bilateral knee replacements. However, he did note that the left knee joint deteriorated in the time period after Ms. Ferguson was diagnosed with rheumatoid arthritis. Since rheumatoid arthritis was never found to be a compensable condition of this claim, any treatment related to it was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II